DECISION.
{¶ 1} Plaintiff-appellant, the state of Ohio, appeals the trial court's judgment granting defendant-appellee Demetrius Davis's motion to suppress evidence. For the following reasons, we reverse the judgment of the trial court.
 {¶ 2} In October 2006, Davis was indicted for possession of and trafficking in crack cocaine, accompanying gun specifications, and having a weapon while under a disability. Davis moved to suppress evidence from a search of his apartment, arguing that the search warrant had been invalid because the affidavit supporting the warrant contained no temporal reference. The affidavit, dated October 16, 2006, stated as follows:
 {¶ 3} "The affiant, a Cincinnati Police Officer with training and experience in narcotics investigations while working the Over the Rhine Chamber of Commerce detail, responded to the above location where officers have received numerous complaints of drug activity. The affiant along with other law enforcement officers approached the apartment door and observed an individual now known to be Antonio Jones (MB, 27, control number 1649525) standing in the open doorway of the listed apartment. The affiant asked Mr. Jones to step out and talk with police officers. Mr. Jones consented to the affiant's request. The affiant then observed another individual now known to be Demetrius Davis (MB, 32, control number 1541029) inside the apartment. Officers asked Mr. Davis to step out into the hallway. Mr. Davis consented to the affiant's request. As Mr. Davis exited the apartment, the affiant observed what appeared to be a quantity of crack cocaine and a digital scale with what appeared to be cocaine residue on it. The apartment was then frozen by *Page 3 
officers on the scene. Both above individuals have prior convictions for drug trafficking[,] and Mr. Davis stated he is the manager of the listed building."
 {¶ 4} The trial court, relying on State v. Lauderdale,[1] granted Davis's motion to suppress, noting that although the affidavit indicated that police officers had "frozen" the scene, the trial court could not and would not speculate on when the scene had been "frozen."
 {¶ 5} In its single assignment of error, the state maintains that the trial court erred in granting Davis's motion to suppress. We agree.
 {¶ 6} A magistrate is generally granted broad discretion to determine whether an affidavit contains sufficient information to justify a finding of probable cause.[2] To make that determination, "the task of the issuing magistrate is simply to make a practical, common-sense decision, given [the totality of the circumstances] * * * [that] there is a fair probability that contraband or evidence of a crime will be found in a particular place."[3]
 {¶ 7} The Ohio Supreme Court has made clear that warrants are not to be reviewed de novo, and that great deference should be shown to the magistrate's decision.[4] The role of the reviewing court is only to ensure that the magistrate had a "substantial basis" for concluding that probable cause existed.[5] Doubtful or marginal cases are to be resolved in favor of upholding the warrant.[6]
 {¶ 8} In Lauderdale, this court held that an affidavit underlying a search warrant failed to demonstrate probable cause, as a matter of law, where nothing was *Page 4 
presented in the affidavit to date the information contained in it. We explained, "While it is true that the magistrate was entitled to make reasonable inferences from the information contained in the affidavit, there is nothing in this affidavit to support an inference as to when the events occurred. With respect to the element of time, the affidavit is not even barebones-it is simply bare."[7]
 {¶ 9} Upon reviewing the affidavit underlying the search warrant in this case, we hold that although the temporal reference in the affidavit was "barebones," there was information in the affidavit to support an inference as to when the events had occurred. The affidavit here, unlike the one in Lauderdale, indicated that "[t]he apartment was then frozen by officers on the scene" after officers had observed incriminating evidence. At the suppression hearing, the trial court noted that the term "frozen" is a term of art used by Cincinnati police officers to indicate that the police are maintaining the status quo of the place to be searched until a search warrant can be obtained. But the trial court, in an effort to follow Lauderdale, erred on the side of caution and determined that the magistrate, despite having an understanding of the term "frozen," could not have inferred that the officers hadimmediately sought a search warrant after freezing the place to be searched. But we are persuaded that the magistrate could have made this inference.
 {¶ 10} Quite frankly, it is simply not plausible that police officers would waste human resources "freezing" a residence to be searched and then wait for an extended time before seeking a search warrant. Instead, common sense dictates that it is far more probable that police would "freeze" a residence to be searched and then immediately seek a search warrant, regardless of the time of day. It is common *Page 5 
knowledge that magistrates and judges are often awakened in the middle of the night to issue a search warrant.
 {¶ 11} Thus, we hold that since the affidavit indicated that the place to be searched had been frozen, the magistrate could have reasonably inferred that the apartment had been frozen immediately prior to the officers seeking a warrant. Thus, the magistrate had an appropriate reference to rely upon to date the information contained in the affidavit. Accordingly, given the totality of the circumstances in this case, we hold that the magistrate had a substantial basis for determining that probable cause existed at the time the warrant was issued. But we emphasize that the better practice is to always include specific dates in the affidavit so that it is absolutely clear when the information in the affidavit has been obtained.
 {¶ 12} The single assignment of error is sustained. Therefore, the judgment of the trial court is reversed, and this case is remanded for further proceedings in accordance with this decision and the law.
Judgment reversed and cause remanded.
SUNDERMANN and HENDON, JJ., concur.
[1] (Feb. 18, 2000), 1st Dist. Nos. C-990294 and C-990295.
[2] United States v. Ventresca (1965), 380 U.S. 102, 108-109,85 S.Ct. 741.
[3] State v. George (1989), 45 Ohio St.3d 325, 544 N.E.2d 640, paragraph one of the syllabus.
[4] Id., paragraph two of the syllabus.
[5] Id., at 329.
[6] Id. at 330, citing Illinois v. Gates (1983), 462 U.S. 213, 237,103 S.Ct. 2317, fn. 10.
[7] See Lauderdale, supra. *Page 1